UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL NAGY,

    Plaintiff,

    v.                                                                 CAUSE NO. 3:22-CV-993-JD-MGG

MAYER, et al.,

    Defendants.

OPINION AND ORDER

Michael Nagy, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Nagy alleges he was pulled over on December 17, 2021, by Sgt. Mayer, Cpl. Snow, and other officers employed by the Elkhart County Sheriff's Office. He claims he was fully compliant and presented no threat, but Sgt. Mayer and Cpl. Snow removed him from his vehicle, slammed him on the ground, and began beating him. He was then handcuffed, and all the officers began "stomping" on him. ECF 1 at 3. He was also pepper sprayed. Nagy suffered several broken teeth, a laceration to his forehead, a

black eye, and a broken middle finger on his right hand which required surgery. Nagy has sued Sgt. Mayer and Cpl. Snow for nominal, compensatory, and punitive damages.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . .." *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id.*

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the

2

> facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id*. (brackets, internal quotation marks, and citations omitted).

Here, although further fact-finding may show the officers' actions were objectively reasonable based on the particular circumstances—giving Nagy the benefit of the inferences to which he is entitled at this stage—Nagy has stated plausible excessive force claims against Sgt. Mayer and Cpl. Snow.

For these reasons, the court:

(1) GRANTS Michael Nagy leave to proceed against Sgt. Mayer and Cpl. Snow in their individual capacities for compensatory and punitive damages for subjecting him to excessive force on December 17, 2021, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Mayer and Cpl. Snow at the Elkhart County Sheriff's Office, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Elkhart County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Mayer and Cpl. Snow to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 6, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT